IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LARRY E. FAIRLEY, #R5636**                                                                 **PLAINTIFF**

**V.**                                                    **CIVIL ACTION No.: 1:19-cv-677-LG-RHW**

**KEITH HAVARD, NURSE BARNS,**
**and JOHN AND JANE DOES**                                                          **DEFENDANTS**

### KEITH HAVARD'S ANSWER
### TO PLAINTIFF'S COMPLAINT

Comes now, Sheriff Keith Havard ("Sheriff Havard"), by and through counsel, and in response to Plaintiff's Complaint (*CM/ECF Doc No. 1*) would show unto the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering defendant which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### THIRD DEFENSE

Answering defendant specifically asserts and invokes all defenses available to him as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Sheriff Havard is entitled to qualified immunity as to the claims asserted against him in his individual capacity. More specifically, Sheriff Havard would affirmatively aver that the Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, his conduct was objectively reasonable.

**FIFTH DEFENSE**

Insofar as any state law claims are concerned, the answering defendant invokes each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**SIXTH DEFENSE**

Answering defendant denies that he has been guilty of any actionable conduct.

**SEVENTH DEFENSE**
**ADMISSIONS AND DENIALS**

And now without waiving any defenses heretofore or hereinafter set forth, the answering defendant responds to the Plaintiff's Complaint paragraph by paragraph, as follows:

**COMPLAINT (*CM/ECF Doc. No.1*)**

**GENERAL INFORMATION**

A.   Answering defendant admits, upon information and belief, the allegations of paragraph A of Plaintiff's Complaint.

B. Answering defendant admits, upon information and belief, the allegations of paragraph B of Plaintiff's Complaint.

C. Answering defendant admits, upon information and belief, the allegations of paragraph C of Plaintiff's Complaint.

D. Answering defendant admits, upon information and belief, the allegations of paragraph D of Plaintiff's Complaint.

E. Answering defendant admits, upon information and belief, the allegations of paragraph E of Plaintiff's Complaint.

F. Answering defendant admits, upon information and belief, the allegations of paragraph F of Plaintiff's Complaint.

## PARTIES

I. Answering defendant admits, upon information and belief, the allegations of paragraph I of Plaintiff's Complaint.

II. Answering defendant admits that Sheriff Keith Havard is the duly elected Sheriff of George County, Mississippi. Answering defendant denies the remaining allegations of paragraph II of Plaintiff's Complaint.

## OTHER LAWSUITS FILED BY PLAINTIFF

A. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph A of Plaintiff's Complaint and, as such, deny the same.

B. Answering defendant admits, upon information and belief, the allegations of paragraph B of Plaintiff's Complaint.

## STATEMENT OF CLAIM

III. Answering defendant admits Plaintiff was an inmate at the George County Regional Correctional Facility and that he received medical care. Answering defendant denies the remaining allegations of paragraph III of Plaintiff's Complaint.

## RELIEF

IV. Answering defendant denies the allegations of paragraph IV of Plaintiff's Complaint and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

### Statement of Claim "Attachment" A.

Answering defendant admits that Plaintiff received medical care. Answering defendant denies the remaining allegations contained in Statement of Claim "Attachment" A.

### Statement of Claim "Attachment" B.

Answering defendant admits that Plaintiff received medical care. Answering defendant denies the remaining allegations contained in Statement of Claim "Attachment" B.

## EIGHTH DEFENSE

Answering defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendant avers that he has met or exceeded the requirements of law and due care and that he is guilty of no acts or omissions which either caused or

contributed to the incidents in question.

## TENTH DEFENSE

Answering defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, answering defendant would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendant.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)     The standard of conduct upon which punitive damages are sought is vague.

## TWELTH DEFENSE

Answering defendant asserts and invokes 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## THIRTEENTH DEFENSE

Answering defendant invokes *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

## FOURTEENTH DEFENSE

Answering defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against him, the answering defendant requests that the same be dismissed and discharged with costs assessed against the Plaintiff.

**DATE:** **December 18, 2019.**

                                        Respectfully submitted,

                                        **SHERIFF KEITH HAVARD**

                                        By:   */s/ William R. Allen*
                                                    One of His Attorneys

WILLIAM R. ALLEN (MSB # 100541)
CHRISTINA J. SMITH (MSB #105483)
Allen, Allen, Breeland & Allen, PLLC
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax 601-833-6647
wallen@aabalegal.com
csmith@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Complaint to with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participant:

> Larry E. Fairley #R5636
> S.M.C.I
> P.O. Box 1419
> Leakesvill, MS 39451
> *Plaintiff, Pro Se*

This the 18th day of December, 2019.

> */s/ William R. Allen*
> OF COUNSEL